VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      24-AP-075



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

AUGUST TERM,   2024

Jill Krowinski v. Kyle Wolfe\*

}  APPEALED FROM:
}  Superior Court, Washington Unit,
}  Civil Division
}  CASE NO. 21-ST-01122
Trial Judge: Timothy B. Tomasi

In the above-entitled cause, the Clerk will enter:

Defendant appeals a civil division order extending an anti-stalking order to protect plaintiff, the Speaker of the Vermont House of Representatives.  On appeal, defendant argues that he was engaging in constitutionally protected First Amendment activity.  We affirm.

In 2021, the court granted plaintiff an anti-stalking order finding that defendant threatened or made threats against plaintiff and ordering defendant to stay away from plaintiff.  The order specified that defendant could not "talk to, telephone, text, email, or use any other electronic communication to make contact" with plaintiff and could not post to her or about her on social media or ask others to give her messages.  Defendant's appeal of the order was dismissed as untimely filed.  In 2022, the court granted a one-year extension and this Court affirmed.  Krowinski v. Wolfe, No. 23-AP-021, 2023 WL 4699358 (Vt. July 21, 2023) (unpub. mem.) [https://perma.cc/NPB9-GA7M].

In December 2023, plaintiff moved for a two-year extension to the anti-stalking order. Plaintiff alleged that she continued to fear defendant and he continued to threaten and attempt to contact her, despite the restrictions in the existing anti-stalking order and conditions of release in pending criminal cases for violating the order.  Defendant opposed the request, arguing that his conduct was not stalking because he was attempting to redress grievances with plaintiff in her official capacity as Speaker of the Vermont House.

Following a hearing, the court made findings on the record.  In a written order, the court found the extension necessary to protect plaintiff because defendant violated the existing order numerous times and plaintiff had a well-justified and credible fear of continuing violations and stalking behavior.  In reaching its conclusion, the court considered and rejected defendant's assertion that he was engaged in constitutionally protected activities, explaining that anti-stalking orders can restrict condut to safeguard individuals.  Plaintiff moved to reconsider, arguing that his behavior was protected speech under the First Amendment.  The court denied the motion,

explaining that when necessary to protect a victim of stalking, it was permissible to proscribe otherwise protected activity.  Defendant appeals.

To extend an order against stalking the plaintiff must show that an order is "necessary to protect the plaintiff."  12 V.S.A. § 5133(e).  The court need not "find that the defendant stalked or sexually assaulted the plaintiff during the pendency of the order."  Id.  This Court reviews a decision to extend a protective order for an abuse of discretion.  Raynes v. Rogers, 2008 VT 52, ¶ 9, 183 Vt. 513.

On appeal, defendant argues that there are no grounds for extending the order because his actions were protected First Amendment speech.*  The court's extension of the anti-stalking order did not impermissibly infringe on defendant's constitutional right to free speech.  If a plaintiff establishes a basis for an initial order against stalking, then "a stalking order may prohibit otherwise legitimate conduct if necessary to protect" the plaintiff.  Swett v. Gates, 2023 VT 26, ¶ 28 (quotation omitted).  In the context of this appeal, we do not revisit the question of whether there was sufficient evidence to impose the initial anti-stalking order; the sole question is whether there was enough evidence to show that a continued order is necessary to protect plaintiff.  The court found that plaintiff "submitted powerful evidence that defendant had committed numerous violations of the existing No-Stalking Order and that she had a credible and well-justified fear of ongoing violations . . . and of additional stalking behaviors."  The court made the requisite findings required by the statute and properly extended the order.

Affirmed.

BY THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice

---

* Defendant relies on Ashcroft v. ACLU, 542 U.S. 656 (2004), for the proposition that plaintiff has the burden of proving that any restriction on defendant's speech must be the least-restrictive means available.  Ashcroft involved a request for a preliminary injunction to prevent enforcement of a criminal statute that prohibited certain conduct to protect minors from harmful material on the internet.  Ashcroft is not applicable here to the question of whether a court can impose restrictions on a person's conduct after finding that the person engaged in threatening behavior.  As this Court has previously explained, there is "no First Amendment right to inflict unwanted and harassing contact on another person."  Swett v. Gates, 2023 VT 26, ¶ 43 (quotation omitted).